
FILED
OCT 10 2014
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 14–186–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah Lynch entered his findings and recommendation on July 8, 2014 denying Petitioner Poulson's petition under 28 U.S.C. § 2254 for writ of habeas corpus. Poulson timely objected to the findings and recommendation on July 16, 2014, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth

in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 (D. Mont. 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Lynch's findings and recommendation in full.

Judge Lynch recommended dismissing Poulson's petition as unexhausted because Poulson currently has active appeals pending in both cases for which he is incarcerated. The parallel doctrines of comity and exhaustion counsel this Court against taking "action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rose v. Lindy*, 455 U.S. 509, 518 (1982) (citations and internal quotation marks omitted). In short, this Court should pass on reviewing the legality of Poulson's convictions until after the State of Montana has its chance to fully do so.

Poulson's objections do not meaningfully address Judge Lynch's findings and recommendation on this point. Poulson states that he has "exhausted remedies for tort relief," (Doc. 6 at 2), discussed further below, but does not claim to have exhausted available state law remedies vis-a-vis his convictions in Flathead County District Court – the convictions that form the basis for his habeas petition. Poulson also argues in his objections that Judge Lynch "cannot rule on this case,

as it is entered in [the] Helena Division." (*Id.*) Poulson's habeas petition, containing his signature and presumably written in his handwriting, indicates it was filed in the Missoula Division. (Doc. 1 at 1). Regardless, "the question of whether [a ruling should source from] one or another division of the same district is a question of venue and is not jurisdictional . . . [a ruling from] one division is not invalid or void because [a petition or motion originated] in another division in the same district." *Carrillo v. Squier*, 137 F.2d 648, 648 (9th Cir. 1943) (citations omitted). Finally, and without merit, Poulson argues that Judge Lynch is biased against him because of two previously-filed cases over which Judge Lynch presided. The Court will not entertain these conclusory, baseless allegations.

Poulson's objections focus most intently on a tort he claims has been committed against him at the Montana State Prison. In a supplement to his habeas petition, Poulson references an intent to "sue the jails for distributing a known toxin, triclosan, causing [a] tort." (Doc. 1-1 at 2.) The Court is, of course, mindful that it "must actually exercise its discretion" in deciding whether to consider allegations raised for the first time in objections to a magistrate judge's findings and recommendations, "rather than summarily accepting or denying" those allegations. *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (citations omitted). Poulson's tort claims, independent of their merit, are plainly outside the

scope of 18 U.S.C. § 2254, which provides a federal cause of action "only on the ground that [the petitioner] is in [state] custody in violation of the Constitution or laws or treaties of the United States." Poulson is free to pursue these claims, and indeed has,[1] outside of the habeas corpus framework.

Finally, Judge Lynch found, and this Court agrees, that a certificate of appealability should be denied in this case. The foregoing demonstrates that Poulson has failed to make "a substantial showing of the denial of a constitutional right," particularly in light of the availability of additional process through the state judicial system. 28 U.S.C. § 2253(c)(2).

There being no clear error in Judge Lynch's remaining findings and recommendation,

IT IS ORDERED that Judge Lynch's findings and recommendation (Doc. 5) are ADOPTED IN FULL. Poulson's petition (Docs. 1, 4) is DISMISSED as unexhausted. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter, by separate document, a judgment of dismissal.

---

1. Poulson availed himself of this opportunity already, having filed complaints against these same two defendants in Case Nos. 14-cv-00043-DLC-RKS and 14-cv-00185-DLC-JCL. Notices of the two cases opening were mailed to Poulson on July 2, 2014 and June 16, 2014 respectively.

DATED this 10th day of October, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court